IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
NOV - 4 2016
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| BRADLEY T. OTTO, as personal representative of the estate of Blaine P. Otto, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>NEWFIELD EXPLORATION COMPANY, and NEWFIELD PRODUCTION COMPANY, and NEWFIELD EXPLORATION MID-CONTINENT, INC.,<br><br>Defendants. | CV 15-66-BLG-SPW<br><br>ORDER |

Before the Court is Defendants' Motion to Strike Plaintiff's Damages Expert Witnesses Robert W. Johnson and James A. Mills (Doc. 29), pursuant to Fed. R. Civ. P. 37(c)(1). For the reasons explained below, Defendants' motion is DENIED.

## I. Background

The original scheduling order in this case provided the following relevant deadlines: Simultaneous Liability Expert Disclosure Deadline was April 15, 2016; Plaintiff's Damages Expert Disclosure deadline was April 15, 2016; Defendant's Damages Expert Disclosure was May 16, 2016; Rebuttal Liability Expert

1

Disclosure deadline was May 16, 2016; and the Discovery Deadline was June 15, 2016. (Doc. 13).

Defendants filed an unopposed motion to extend the deadlines. (Doc. 14). Defendants' motion requested the Liability Expert Disclosure Deadline be extended from April 15, 2016, to May 31, 2016; Defendants' Damages Expert Disclosure and the Rebuttal Liability Expert Disclosure be extended from May 16, 2016, to June 30, 2016, and that the Discovery Deadline be extended from June 15, 2016, to July 8, 2016. (Doc. 14). Defendants' motion did not request Plaintiff's Damages Expert Disclosure deadline be extended. (Doc. 14). The Court granted the unopposed motion and issued an order extending the deadlines as requested. (Doc. 15).

On June 1, 2016, Defendants sent an email to Plaintiff that stated:

> I am writing to ask whether your office intends to file a damage expert disclosure. Per the Court's original Scheduling Order, Plaintiff's damage expert disclosure was due April 15. This deadline was not addressed by the Court's subsequent Order dated February 22, which extended Defendants' damage expert disclosure deadline to June 30. If your office does intend to file a damage expert disclosure, I will need 30 days from such filing to file an expert disclosure on behalf of Defendants as contemplated by the original Scheduling Order.

(Doc. 34-4). On June 2, 2016, Defendants sent a follow up email that said, among other things, they "look forward to hearing from you regarding . . . the damage expert issue soon." (Doc. 34-5). On June 10, 2016, Plaintiff sent an email to Defendants, stating "[o]ur expert can prepare a preliminary report within the next

2

two weeks, along with cv, case list, publications and fee schedule." (Doc. 34-6). Defendants did not object to Plaintiff's proposal. On June 30, 2016, Plaintiff sent Defendants its Damages Expert Disclosure. (Doc. 30-1).

On July 7, 2016, Defendants filed a Motion to Strike Plaintiff's Damages Experts. (Doc. 29). Plaintiff and Defendants then exchanged emails concerning the motion over the next two weeks. (Doc. 34-7). Plaintiff stated Defendants' motion to amend the scheduling order (Doc. 14) had caused confusion because it did not extend Plaintiff's Damages Expert Disclosure deadline despite extending almost all other deadlines. (Doc. 34-7). Plaintiff then stated it thought the confusion was resolved by the emails exchanged on June 1, 2, and 10, 2016, which, in Plaintiff's view, did not indicate either party thought Plaintiff's Damages Expert Disclosure deadline was still April 15, 2016. (Doc. 34-7). Plaintiff requested Defendants withdraw the motion and suggested the deadlines be extended to resolve the issue. (Doc. 34-7). Defendants declined Plaintiff's request and suggestion.

**II. Law.**

Parties are required to disclose experts in accordance with the Court's scheduling order. Fed. R. Civ. P. 26(a)(2)(D). A party that fails to provide information or identify a witness as required by Rule 26(a) is barred from using that information or witness at trial unless the failure was substantially justified or is

3

harmless. Fed. R. Civ. P. 37(c)(1). Discovery sanctions are reviewed for an abuse of discretion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

**III. Discussion.**

Rule 37 sanctions are not warranted because Plaintiff's technical violation of Rule 26(a) was substantially justified. Although Plaintiff consented to the Defendants' Unopposed Motion to Amend Deadlines For Expert Witness Disclosures And The Close Of Discovery (Doc. 14), it apparently overlooked that its Damages Expert Disclosure deadline was not extended in the order issued by the Court or just assumed that it had been based on Defendants' motion which stated: "The **parties** respectfully request the Liability Experts deadline be extended from April 15, 2016 to May 31, 2016 and the Damages and Rebuttal Expert deadlines be extended from May 16, 2016 to June 30, 2016." (*Id.*) (Emphasis added.) The Court's use of its own order, rather than Defendants' proposed order, which was not in the proper form, seems to have added to the confusion. However, any confusion concerning that oversight or assumption was, or should have been, clarified by the subsequent exchange of emails between the parties that occurred a full 45 days after Plaintiff's original Damages Expert deadline. Defendants inquired whether Plaintiff was going to file a Damages Expert disclosure, and if so, asked that Defendants be given 30 days from the date

4

of the disclosure to file a rebuttal. Plaintiff responded that it would provide Defendants with its Damages Expert disclosure within two weeks. Defendants did not object to Plaintiff's proposal. For these reasons, Plaintiff's technical violation of Rule 26(a) was substantially justified.

**IV. Conclusion.**

Defendants' Motion to Strike Plaintiff's Damages Expert Witnesses Robert W. Johnson and James A. Mills (Doc. 29) is DENIED.

DATED this 4th day of November, 2016.

Susan P. Watters
SUSAN P. WATTERS
United States District Judge