
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRADLEY P. OTTO, as personal representative of the estate of Blaine P. Otto, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>NEWFIELD EXPLORATION COMPANY; NEWFIELD PRODUCTION COMPANY; and NEWFIELD EXPLORATION MID-CONTINENT, INC.,<br><br>Defendants. | CV 15-66-BLG-SPW<br><br>OPINION AND ORDER |

Before the Court is a Motion in Limine filed by Defendants Newfield Exploration Company, Newfield Product Company, and Newfield Exploration Mid-Continent, Inc., (Newfield). (Doc. 60). Newfield asks the Court to exclude any evidence of lost earning capacity damages. For the reasons discussed below, the Court DENIES Newfield's Motion in Limine.

I.  **Background**

Blaine Otto (Otto) was employed by a company that provided tank inspection services, among other things, to Newfield on a contract basis at various well sites in the Bakken Shale Oil Field. (Doc. 1). On July 18, 2013, Otto was

1

found dead on the catwalk of an oil storage tank. (Doc. 1). Otto's estate filed suit, alleging Otto died of exposure to deadly vapors due to intentional, reckless, and/or negligent conduct by Newfield. (Doc. 1). Newfield disputes the cause of Otto's death and denies its conduct was intentional, reckless, or negligent. (Doc. 6).

The complaint seeks damages on behalf of Otto's estate and his heirs. (Doc. 1, ¶¶ 17-20). Otto did not have a spouse or children. At their depositions, Otto's father and mother stated Otto did not contribute any of his income to them, other than monthly $400 rent payments. Otto's brother likewise stated Otto did not contribute any of his income to his siblings.

## II. Standard

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. Judges have broad discretion when ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). A motion in limine should not be used to resolve factual disputes or weigh evidence. *C & E Services, Inc., v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Ind. Ins. Co. v. K-Mart Corp.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). Courts have wide discretion in considering and ruling on motions in limine. *See Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984).

## III. Discussion

The Court previously determined North Dakota law governs this case. (Doc. 40).

Newfield argues any evidence of Otto's lost earning capacity is inadmissible on relevancy grounds because none of Otto's family members are entitled to recover damages based on lost earning capacity unless they received contributions from Otto's income. While Newfield is correct, the evidence must be inadmissible on all potential grounds before the Court will grant a motion in limine. As explained below, Otto's estate is entitled to collect lost earnings on Otto's behalf. Evidence of Otto's lost earning capacity is therefore admissible to prove the estate's damages.

A person's wrongful death gives rise to two actions under North Dakota law. First, N.D.C.C. § 28-01-26.1 provides for survival actions: "No action or claim for relief, except for breach of promise, alienation of affections, libel, and slander, abates by the death of a party or of a person who might have been a party had such death not occurred." Survival actions "are remedial in nature, and are intended to permit recovery by the representatives of the deceased for damages the deceased could have recovered had he lived . . . a survival action merely continues in existence an injured person's claim after death as an asset of his estate." *Weigel v. Lee*, 752 N.W.2d 618, 621-22 (N.D. 2008) (citing *Sheets v. Graco, Inc.*, 292 N.W.2d 63, 66-67 (N.D. 1980)).

3

Second, N.D.C.C. § 32-21-02 provides for wrongful death damages suffered by the decedent's heirs:

> In an action brought under the provisions of this chapter, the jury shall give such damages as it finds proportionate to the injury resulting from the death to the persons entitled to the recovery.

The North Dakota Supreme Court has interpreted N.D.C.C. § 32-21-02 as follows:

> North Dakota's death by wrongful act law, Chapter 32-21, N.D.C.C., awards damages to a restricted class of beneficiaries, based on the loss suffered by the beneficiaries, and not on the loss sustained by decedent's estate. [] 32-21-02, N.D.C.C. Thus, the probable contributions of the decedent to a beneficiary are the bases for a beneficiary's recovery.

*Schneider v. Baisch*, 256 N.W.2d 370, 371 (N.D. 1977). N.D.C.C. § 32-0.32-04 enumerates compensable damages available in wrongful death and personal injury actions:

> In any civil action for damages for wrongful death or injury to a person and whether arising out of breach of contract or tort, damages may be awarded by the trier of fact as follows:
>
> 1. Compensation for economic damages, which are damages arising from medical expenses and medical care, rehabilitation services, custodial care, loss of earnings and earning capacity, loss of income or support, burial costs, cost of substitute domestic services, loss of employment or business or employment opportunities and other monetary losses.
>
> 2. Compensation for noneconomic damages, which are damages arising from pain, suffering, inconvenience, physical impairment, disfigurement, mental anguish, emotional distress, fear of injury, loss of illness, loss of society and companionship, loss of consortium, injury to reputation, humiliation, and other nonpecuniary damage.

Had the complaint sought damages only on behalf of Otto's heirs, *Schneider* would operate to bar evidence of Otto's lost earning capacity because there is no evidence Otto contributed any of that income to his surviving family members. In other words, under *Schneider*, Otto's surviving family members are not entitled to recover Otto's lost earning capacity. However, the complaint also seeks damages on behalf of Otto's estate. (Doc. 1, ¶¶ 17, 20). *Weigel* and N.D.C.C. § 28-01-26.1 establish Otto's estate is entitled to collect "damages the deceased could have recovered had he lived." 752 N.W.2d at 621-22; *see also Nodak Mut. Ins. Co. v. Stegman*, 647 N.W.2d 133, 138-139 (N.D. 2002) (Where "[c]learly a personal injury action existed" on behalf of man wrongfully killed). N.D.C.C. § 32-0.32-04 explicitly includes "loss of earnings and earning capacity" as damages recoverable in a personal injury action. Therefore, evidence of Otto's lost earning capacity is admissible to prove an element of the estate's damages.

**Conclusion**

Newfield's motion in limine (Doc. 60) is DENIED.

DATED the 22nd day of December, 2016.

*Susan P. Watters*
SUSAN P. WATTERS
U.S. DISTRICT JUDGE